UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
TIMOTHY C. DURAN,

        Plaintiff,

  -v-                                                 No.  11 Civ. 6155 (LTS)(JLC)

MARK W. MOODY et al.,

        Defendants.
---------------------------------------------------------x

## MEMORANDUM ORDER

Pro se Plaintiff Timothy C. Duran ("Plaintiff") brings this action against Mark W. Moody ("Moody"), Redniss Moody LLP, Edward J. Greenfield ("Greenfield"), and the Law Office of Edward J. Greenfield (collectively, "Defendants"), asserting claims for legal malpractice, negligent misrepresentation, and fraud.[1]  This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1332.  Greenfield and Moody now move pursuant to Federal Rules of Civil Procedure 12(b)(6) to dismiss the complaint.[2]  For the following reasons, Defendants' motions to dismiss are granted in part and denied in part.

## BACKGROUND

A fuller summary of the allegations contained in the complaint is contained in the Court's prior decision in this action.  See Duran v. Moody, 11 Civ. 6155 (LTS), 2012 WL

---

[1] Plaintiff's negligent misrepresentation and fraud claims are asserted only against Greenfield.

[2] Greenfield also moves for summary judgment pursuant to Federal Rule of Civil Procedure 56.  Greenfield has not submitted a statement of uncontested material facts, as required by Local Rule 56.1, nor has he adduced any admissible evidence substantiating any of his factual assertions.  Therefore, the Court treats Greenfield's motion solely as one motion to dismiss the complaint for failure to state a claim.

2878088 (S.D.N.Y. July 12, 2012) ("July 12 Order").  The parties' familiarity with the July 12 Order is presumed.  The Court will limit its discussion to those matters germane to the instant motions.

Plaintiff filed the initial complaint in this action on August 18, 2011, asserting claims for legal malpractice, negligent misrepresentation, and breach of fiduciary duty.  The Court granted Defendants' motions to dismiss the negligent misrepresentation and breach of fiduciary duty claims, finding that those claims were duplicative of the malpractice claim.  The Court also dismissed, with leave to file an amended complaint, the legal malpractice claim for failure to allege the requisite "but for" causality.  Plaintiff filed his Amended Complaint with this Court on August 2, 2012.  The facts alleged therein are accepted as true for the purpose of this motion practice.

In his Amended Complaint, Plaintiff adds factual allegations buttressing his claim that Defendants' negligence was the "but for" cause of the state court's decision granting summary judgment against Plaintiff.  Specifically, Plaintiff alleges that, had Defendants competently conducted discovery, they would have learned that Essex House management had admitted to improper appropriation of Plaintiff's condominium unit, that Essex House employees wrongfully denied Plaintiff's contractors access to Plaintiff's condominium to complete remodeling work, and that these actions by Essex House resulted in the imposition of extensive liquidated damages against Plaintiff under the construction contract entered into by Plaintiff for the remodeling work.  (Amend. Compl. ¶ 35.)  Furthermore, Plaintiff alleges that a witness would have testified that the $750-a-day liquidated damages clause in the construction contract was reasonable, and that Plaintiff's condominium unit had a high fair rental value during the time that it was misappropriated for use by Essex House.  (Id.)

DISCUSSION

When deciding a motion to dismiss under Rule 12(b)(6), a court must accept all non-conclusory factual allegations as true and draw all reasonable inferences in the plaintiff's favor.  Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008).  However, to survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  In the case of pro se litigants, the court must read the pleadings leniently and construe them to raise "the strongest arguments that they suggest."  McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (citation omitted).  This is especially true when a pro se plaintiff's civil rights are at issue.  See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004).  Nonetheless, courts must still "examine such complaints for factual allegations sufficient to meet the plausibility requirement."  Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011).

Defendants move to dismiss the negligent misrepresentation claims.  Plaintiff concedes that the negligent misrepresentation claims in the Amended Complaint are identical to those in the initial Complaint, which the Court dismissed.  Accordingly, the negligent misrepresentation claims will be dismissed for the reasons set forth in the July 12 Order.

Defendants move to dismiss the legal malpractice claim for failure to plead "but for" causality.  As explained in the July 12 Order, to plead a legal malpractice claim, a plaintiff "must meet the 'case within a case' requirement, demonstrating that 'but for' the attorney's

conduct the [plaintiff] would have prevailed in the underlying matter." 2012 WL 2878088, at *3 (quoting Weil, Gotshal & Manges, LLP v. Fashion Boutique of Short Hills, Inc., 10 A.D.3d 267, 271-72 (N.Y. App. Div. 2004)). Unlike the initial Complaint, which contained only conclusory assertions as to the merits of the underlying action and the effect of Defendants' negligence, the Amended Complaint alleges facts supporting the inference that, had Defendants competently conducted discovery, they would have obtained testimony from numerous individuals that could have proven Plaintiff's claims in the underlying action. Accordingly, the motion to dismiss the legal malpractice claims is denied.

Greenfield also moves separately to dismiss the legal malpractice claims, arguing that (1) the claim is barred by the statute of limitations and (2) Greenfield had no legal obligation to supervise the actions of his successor in the underlying action, Moody. Greenfield advanced – and the Court rejected – identical arguments in his first motion to dismiss. The renewed contentions are, in effect, a motion for reconsideration of the July 12 Order. On a motion for reconsideration, the movant bears the heavy burden of demonstrating that the Court "overlooked controlling decisions or factual matters that were put before it on the underlying motion." Mina Inv. Holdings Ltd. v. Lefkowitz, 184 F.R.D. 245, 250 (S.D.N.Y. 1999). A motion for reconsideration is "not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion." Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003). Nor is it a chance for a party to take a "second bite at the apple." Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). As Greenfield has merely rehashed the same arguments previously rejected by this Court, he has failed to demonstrate that reconsideration is warranted and his arguments fail for the reasons stated in the July 12 Order.

Greenfield's remaining argument is that the complaint should be dismissed because Plaintiff did not serve Greenfield with the Amended Complaint until August 14, 2012, 11 days after the August 3, 2012, deadline set by the Court. Greenfield has not demonstrated any prejudice flowing from that 11-day delay. Nor is Greenfield in any position to cast stones for violations of the Court's scheduling orders given that he did not respond in any way to the Amended Complaint until December 6, 2012 – six months after he was served. Accordingly, his motion to dismiss for untimely service is denied.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are granted with respect to the negligent misrepresentation claim. Defendants' motions are denied in all other respects. This Memorandum Order resolves docket entry nos. 36 and 44.

This case remains referred to Magistrate Judge Cott for general pretrial management. The parties are directed to contact Judge Cott's chambers promptly to request a conference to address settlement and pretrial scheduling issues.

SO ORDERED.

Dated: New York, New York
April 16, 2013

        /S
LAURA TAYLOR SWAIN
United States District Judge

Copy was mailed to:
Timothy Duran
330 Commercial St.
San Jose, CA 95112